Tammy Hussin (Bar No. 155290)
Lemberg & Associates LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff, Nikhil Aggarwal

FILED
CLERK, U.S. DISTRICT COURT
NOV 2 0 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CV12-09933 JEM

| | |
|---|---|
| Nikhil Aggarwal,<br><br>             Plaintiff,<br><br>      vs.<br><br>Regal Medical Group, Inc.; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Nikhil Aggarwal, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5. The Plaintiff, Nikhil Aggarwal (hereafter "Plaintiff"), is an adult individual residing in Woodland Hills, California.

6. The Defendant, Regal Medical Group, Inc., (hereafter "Regal" or "Defendants"), is a corporation with a principal place of business at 3115 Ocean Front Walk #301, Marina Del Rey, California 90292.

7. Does 1-10 (the "Agents") are individual agents and/or employees employed by Defendants and whose identities are currently unknown to Plaintiff. One

or more of the Agents may be joined as parties once their identities are disclosed through discovery.

8. Defendants at all times acted by and through one or more of their Agents.

## FACTS

9. Defendants contacted Plaintiff's residential telephone number xxx-xxx-2603, using an automated telephone dialer system with a fax type beeping sound (hereafter "Robocalls").

10. Defendants placed Robocalls to Plaintiff telephone at an excessive and harassing rate, placing sometimes up to fifteen (15) calls per day, at all hours of day and night.

11. Plaintiff has no prior business relationship with Regal and never provided Defendants with his telephone number or contact information.

12. Plaintiff never requested to Regal either by agreement or otherwise that he be contacted.

13. Plaintiff's telephone number is on the National Do Not Call Registry.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

15. Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

16. The foregoing acts and omissions of the Defendants constitute a violation of the Telephone Consumer Protection Act.

17. The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

20. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

21. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

4

22. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

23. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

24. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

25. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the named Defendants, jointly and severally:

A. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(1)(B);

B. Treble damages for each violation determined to be willful or intentional pursuant to 47 U.S.C. § 227(b)(1)(B); and

C. Such other and further relief as may be just and proper.

1
2
3
**TRIAL BY JURY DEMANDED ON ALL COUNTS**

4
5
DATED:  November 14, 2012                         TAMMY HUSSIN

6
7                                                                    By:_____
8                                                                    Tammy Hussin, Esq.
                                                                     Lemberg & Associates, LLC
9                                                                    Attorney for Plaintiff, Nikhil Aggarwal

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

Tammy Hussin
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Nikhil Aggarwal<br><br>PLAINTIFF(S)<br>v.<br><br>Regal Medical Group, Inc.; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | **CV12-09933 JEM**<br><br><br>SUMMONS |

TO:   DEFENDANT(S):   Regal Medical Group, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Tammy Hussin, of counsel Lemberg & Associates</u>, whose address is <u>6404 Merlin Drive, Carlsbad, CA 92011</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: NOV 2 0 2012

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                                SUMMONS